**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAHUL LNU, | No. 1:26-cv-00418 JLT CDB (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND DENYING RESPONDENTS' MOTION TO DISMISS |
| v. | |
| TONYA ANDREWS, *et al.*, | |
| Respondents. | (Doc. 11) |

Petitioner, a federal immigration detainee proceeding by counsel, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion for temporary restraining order on January 19, 2026. (Docs. 1, 2.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

The Court denied the TRO request, converted the matter to a motion for preliminary injunction, and referred the motion to the undersigned for appropriate action. (Doc. 5.) On January 21, 2026, the assigned magistrate judge notified the parties that the Court would address the merits of the petition considering any arguments made and exhibits submitted in support of the parties' briefing on the converted motion for preliminary injunction. (Doc. 6.) On February 25, 2026, the magistrate judge issued findings and recommendations to grant in part the Petition only as to the procedural due process claim (Claim 2). (Doc. 11.) Respondents timely filed objections, making the same arguments advanced in their earlier filings (Doc. 12 at 1) and

1

separately requesting the Court include certain language in any order adopting to comply with statutory requirements under 8 U.S.C. §§ 1231(a)(1)(A) & (2)(A) (*id.* at 2), which the Court deems appropriate.

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court concludes that the findings and recommendations are supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on February 25, 2026 (Doc. 11) are **ADOPTED** in full.

2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** in part as to Petitioner's procedural due process claim (Claim 2).

3. Respondents' motion to dismiss (Doc. 9) is **DENIED**.

4. Respondents are **ORDERED** to release Petitioner immediately.

5. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of 7 days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified.[1]

6. The Clerk of the Court is **DIRECTED** to close this case.

IT IS SO ORDERED.

Dated:   **March 9, 2026**

*Jennifer L. Thurston*

UNITED STATES DISTRICT JUDGE

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

2